UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| HOUSE OF FLAVORS, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 2:09-cv-72-DBH |
| | ) | |
| TFG-MICHIGAN, L.P., | ) | |
| | ) | |
| Defendant | ) | |

**DECISION AND ORDER ON REMAND**

I first resolved this equipment-lease-financing dispute following a bench trial. Now, after appeal, it is back before me on a limited remand from the Court of Appeals for the First Circuit. I ordered additional briefing and presided at oral argument on January 13, 2012.

As a result of the bench trial, I found that the lessor, TFG-Michigan ("Tetra"), had committed fraud in negotiating the deal. I fashioned a remedy that resembled rescission in some respects, and I ordered Tetra to convey the equipment's title to the lessee, House of Flavors, Inc. House of Flavors had already paid more than the principal amount (the cost of the equipment that Tetra financed). I struggled with what additional amount it should pay for the value of the financing. The record disclosed the total amount that House of Flavors had paid Tetra. I thought that it also showed the fraud-thwarted deal that House of Flavors believed that it had made. I focused on the 36-month base term of the lease financing. I ruled that "[t]he cost of the transaction that

[House of Flavors' principal] Gallagher believed he had was $1,755,222 (thirty-six monthly payments of $43,972.39, plus a buyout at twelve percent of cost or $172,216)." Findings of Fact and Conclusions of Law at 24 (Docket Item 95). In the absence of meaningful assistance from the parties in fashioning this remedy, however, I failed to consider that Tetra had advanced funds to House of Flavors *earlier*, in order that House of Flavors could purchase various components of the system, and that those advances—before the base term of the lease commenced—along with some incidental fee payments during the term of the lease, had an additional value. Later, Tetra moved to amend/alter the findings and judgment and, in its motion, offered me new evidence about the details of these payments. See Def.'s Mot. to Amend/Alter the Court's Findings and J. (Docket Item 98). However, I found its motion untimely. See Dec. and Order on Def.'s Mot. to Amend (Docket Item 109).

Tetra appealed. The First Circuit largely affirmed my ruling, except for the last component.

According to the First Circuit:

> Here, the system belongs in House of Flavors' hands; the question is the fair adjustment of other payments as between the parties; and whatever the label, House of Flavors was due ownership of the system; but it still had to pay back the loan including the residual due for re-transfer.
> In its reconsideration motion, Tetra identified payments that House of Flavors owed under the agreement but which Tetra said the district court had not included—specifically, initial payments required to Tetra before construction and while it was underway. In response, House of Flavors did not deny Tetra's claims but argued that the figures came too late, and the district court concurred.
> We cannot agree. The trial focused primarily on liability, not the details of the remedy; neither party

> completely understood, or fully responded to, the district court's request for help in formulating the remedy by itself after the trial. . . . Nor are the obligations to which Tetra now points "new evidence" (the lease agreement was in the record). Finally, House of Flavors has thus far declined to defend the omission on the merits.
>
> Thus, although there may be little left to be decided, it is safest to order a remand so that the district court can take due account of the additional payments due to Tetra. If House of Flavors quarrels with the precise figures, that can be sorted out there. The district judge did a fine job in devising a fair resolution to this dispute, and the limited correction specified above will complete that objective.
>
> The judgment is affirmed insofar as it awards House of Flavors the system but is set aside insofar as it awards House of Flavors a money payment; and the case is remanded for further proceedings consistent with this opinion.

House of Flavors, Inc. v. TFG Michigan, L.P., 643 F.3d 35, 42 (1st Cir. 2011).

Certain things are no longer debatable following the court of appeals opinion. First, it is the law of the case that I should have considered the evidence[1] presented in Tetra's motion for reconsideration after my judgment in favor of House of Flavors. Id. Second, the money payment I awarded House of Flavors is set aside. Instead, there are "additional payments due to Tetra." Id. Third, my role on remand is to sort out any quarrel over the precise figures, if there is such a quarrel. Id.

In fact, as it turns out, there is no dispute over the precise figures. The parties have now stipulated to a breakdown of the payments and, for the most part, identified what they were. See Pl.'s Letter to Court dated Aug. 30, 2011

---

[1] The court of appeals said that it was not new evidence because the lease agreement was in the record. But on remand, the parties stipulate that "the precise amounts and timing of the payments made pursuant to the lease, as set forth [in the stipulation], were not part of the original trial record." Pl.'s Letter to Court dated Aug. 30, 2011 (Docket Item 126). Whether it is new evidence or not, I am directed now to consider it, and I do.

3

(Docket Item 126). As the court of appeals recognized, once I accept this evidence, Tetra is entitled to additional payment for House of Flavors' use of its monies during the period before the base term of the lease began (as well as certain incidental fees)—amounts that were not considered in my original judgment. Because I crafted the remedy by looking at what Tetra led House of Flavors to believe was the structure of the deal and the court of appeals affirmed that approach, there is no reason now on remand to deviate from including the pre-lease obligations and other fees as part of the total understanding. Including them produces a fair financial resolution of the dispute. House of Flavors treats this as re-opening the record and, even though the payment amounts and their dates are undisputed, has asked "that it be allowed to present additional evidence as to the nature and timing of the payments. Specifically, House of Flavors would envision having Whit Gallagher testify as to representations made concerning the nature and timing of payments." Pl. House of Flavors, Inc.'s Post-Remand Br. on the Significance of Timing and Nature of Payments Comprising Stipulated Amount Paid to Tetra at 5-6 (Docket Item 129). I believe that request is beyond the scope of the limited court of appeals remand.[2]

As a result, based upon the recent stipulation added to the evidence presented at trial, I now find:

---

[2] I recognize that, at his deposition, Gallagher testified that he was unsatisfied with Tetra's explanation of the lease terms. See Gallagher Dep. 143:23 – 144:12, Aug. 3, 2009 (Joint Ex. 19). I also acknowledge that he expressed some frustration with the increased financing expenses that resulted from the time it took to finalize the lease and to complete its delivery term. Id. 114:14 – 115:7. However, in neither case did Gallagher lay primary responsibility on Tetra. Id. 114:14 – 115:7, 143:23 – 144:12.

4

- During the base term of the lease, House of Flavors made 35 monthly payments of $43,972.39 each. See Pl.'s Letter to Court dated Aug. 30, 2011. In addition, House of Flavors paid $27,093.24 in deposit after signing the letter of intent, another $14,491.40 upon signing the lease, and a final payment of $2,387.75 to Republic Bank. Id. These last three payments amount to the 36th monthly payment of $43,972.39, for a total of $1,583,006 (rounded) in the equivalent of rental payments over the 36-month base term.[3] As I previously decided, the final buyout price should have been $172,216, for a total due of $1,755,222 for the base term and the buyout. Findings of Fact and Conclusions of Law at 24.
- But Tetra was also entitled to payment for the use of its money before the lease's base term began, as well as certain incidental fees. Those amounts, taken from the stipulation, are:

    | | |
    |---|---|
    | 4/1/2006 March interest | $ 9,874.23 |
    | 5/1/2006 April 2006 interest | 15,799.74 |
    | 6/1/2006 May 2006 interest | 18,607.99 |
    | 7/1/2006 June 2006 interest | 23,371.88 |
    | 8/1/2006 July 2006 interest | 30,287.46 |

---

[3] Originally, I ordered a return of deposit and used an amount based on House of Flavors' financial statements. Findings of Fact and Conclusions of Law at 26, 10. But the stipulation reveals that the "deposit" ended up as part of the 36th payment and was different in amount from what the financial statements recorded. I therefore use the stipulated amount, and there is no longer any reason to order a deposit return.

        9/1/2006 August 2006 interest       37,592.75

        Miscellaneous fees during           1,021.00
        the three years of the lease.

Pl.'s Letter to Court dated Aug. 30, 2011.

- There is also a 9/1/2006 payment of $46,941.41. Id. The stipulation does not identify its purpose. Id. I treat it as rent or interest, in advance, for the month of September, because the lease's base term started October 1 and because no other payment is attributed to the month of September 2006.

- Collectively, these additional payments total $183,496 (rounded).

- Finally, there is a "30-Aug [2006] Payment" of $2,816.49. Id. The stipulation does not identify its purpose. Id. At oral argument, the parties could provide no elucidation. In earlier briefing, however, Tetra stated that it was "erroneously included" and that it was "initially collected to remit sales/use tax but was actually refunded to House of Flavors because House of Flavors had tax exempt status." Def.'s Mot. to Amend/Alter the Court's Findings and J. at 4 n.1. Therefore, I do not include it in amounts that House of Flavors was obliged to pay Tetra. Neither do I assume that this money has been returned to House of Flavors, because a refund is not reflected in the parties' stipulation.[4] See Pl.'s Letter to Court dated Aug. 30, 2011.

---

[4] I recognize that, given Tetra's statement in footnote 1 of its Motion to Amend/Alter the Court's Findings and Judgment, my decision might credit House of Flavors for a $2,816.49 payment that Tetra later refunded. However, given the evidence before me, I believe that this is the most
*(continued on next page)*

6

- Considering this additional evidence of House of Flavors' obligation, I conclude that, rather than receiving a refund from Tetra and return of its security deposits, as my original judgment directed, House of Flavors must pay Tetra an additional amount.[5] The calculations are as follows:

---

appropriate course. The parties agree that House of Flavors made this payment on August 30, 2006. However, they have never agreed—either in written submissions or at oral argument—that Tetra returned the sum. Moreover, since I issued the original Findings of Fact and Conclusions of Law, Tetra has submitted both to this court and to the appellate court several tabulations of what the company believes that it is owed. See Mot. to Amend/Alter the Court's Findings and J. at 7; Br. of Appellant TFG Michigan, L.P. at 58-59 (Document Number 116157831), filed in TFG Michigan, L.P. v. House of Flavors, Inc., 10-2086 (1st Cir.); and Def.'s Br. Regarding Issues on Remand at 4 (Docket Item 130). All of these tabulations credit House of Flavors with making total payments of $1,769,319 (rounded). This total includes the $2,816.49 figure. Also, the tabulations maintain this House of Flavors credit when, through simple arithmetic, they arrive at the $156,399 (rounded) figure that Tetra says it is still owed. In other words, Tetra itself continues to credit House of Flavors for the $2,816.49 payment, without any adjustment to show that Tetra later refunded the payment. Considering all of this, I think it best to conclude that House of Flavors paid the money on August 30, 2006, that it was never refunded, and that it was ultimately credited toward Tetra's legitimate charges.

[5] This is a major change in the outcome, which undoubtedly will upset House of Flavors. But if there is an inequity here, it is of the procedural, not of the substantive, variety. On the substantive side, House of Flavors should pay fair value for the use of Tetra's money. This change will accomplish that end. As the court of appeals observed, House of Flavors has not really defended, on the merits, my earlier omission. On the procedural side, Tetra does seem to have taken advantage. It resisted any type of rescission remedy from the outset of this case. I made clear before trial that I would consider such a remedy, but Tetra refused to put on any evidence that would bear upon it. Indeed, after trial, I specifically requested assistance on the remedy. I stated in a Procedural Order after the trial and before my decision:

> If House of Flavors receives the difference between what it has paid Tetra in lease payments and what Tetra paid for the equipment as installed, will House of Flavors have had, in effect, an interest-free loan of some amount for some period of time? *If I do not have evidence in the record from which to make a determination of this benefit to House of Flavors, what is the consequence? Can I reopen the record, given Lussier v. Runyon, 50 F.3d 1103 (1st Cir. 1995)? If not, who has the burden of proof on this issue and what are the consequences if it has failed to meet that burden?*

Procedural Order at 2-3 (emphasis added) (Docket Item 91). I added in a footnote that I had only total payments and that "[n]either party presented evidence or argument regarding how calculations should be conducted, given the initial advance of monies over a period of time by Tetra, and then the making of lease payments by House of Flavors over the term of the lease." Id. at 2, n.1. The court of appeals says that "neither party completely understood, or fully responded to" my request. 643 F.3d at 42. That is a far more charitable view of the record than I entertain. I believe that Tetra understood the request fully but strategically decided to continue stonewalling because it was determined to resist *any* rescission-like remedy. Tetra used that strategy to argue that House of Flavors had no remedy at all available to it. To the
*(continued on next page)*

- Tetra was owed $1,938,718. (This represents my original calculation of $1,755,222 plus $183,496 in additional payments.)
- It is stipulated that House of Flavors paid Tetra $1,769,319. See Pl.'s Letter to Court dated Aug. 30, 2011.
- In addition, as I ruled previously, House of Flavors deserves a credit of $13,000, which it had to pay in order to maintain its letter of credit after Tetra's fraud caused the deal to fail. Findings of Fact and Conclusions of Law at 25.
- As a result, the net amount that House of Flavors now owes Tetra is $156,399.

Accordingly, the Clerk shall now **AMEND** the concluding portion of the judgment concerning future relief to provide that:

(a) House of Flavors, Inc. shall pay to TFG-Michigan, LP One Hundred Fifty-Six Thousand Three Hundred Ninety-Nine Dollars ($156,399);

(b) TFG-Michigan, LP simultaneously shall release any and all other forms of security, including letters of credit, that House of Flavors, Inc. provided pursuant to the lease;

---

same end, Tetra told me in response to the Procedural Order that I should *not reopen the record* when I asked the parties their views about doing that in order to perform the proper calculations. Def.'s Resp. to the Court's April 23, 2010 Request for Post-Trial Briefing at 12-15 (Docket Item 92). Only after I made my final decision adverse to Tetra did Tetra come forward with relevant information, and then it did so in the form of a motion to amend/alter the court's findings and judgment. I denied the motion because of Tetra's rejection of the earlier opportunities. But the court of appeals has decided that I was wrong to do so. Given the appellate ruling that I should have entertained Tetra's post-judgment evidence on the remedy, it is clear that the judgment now must be altered to order House of Flavors to pay Tetra.

(c)     TFG-Michigan, LP simultaneously shall transfer ownership of the ice cream hardening equipment to House of Flavors, Inc.

I do not award either costs or prejudgment interest to Tetra. In light of the fraud that I have found (as affirmed by the court of appeals) and Tetra's posture in the litigation, an award of either would be inappropriate.

**SO ORDERED.**

**DATED THIS 18TH DAY OF JANUARY, 2012**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**