UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| HOUSE OF FLAVORS, INC., | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2:09-CV-72-DBH |
| | ) | |
| TFG-MICHIGAN, L.P., | ) | |
| | ) | |
| DEFENDANT | ) | |

### ORDERS ON PLAINTIFF'S MOTION TO AMEND THE AMENDED JUDGMENT AND ON PLAINTIFF'S MOTION TO STAY ENFORCEMENT OF AMENDED JUDGMENT

The Motion to Amend the Amended Judgment is **DENIED**. The case was remanded for a limited purpose concerning calculation of damages. House of Flavors, Inc. v. TFG Michigan, L.P., 643 F.3d 35, 42 (1st Cir. Me. 2011). I complied with the Court of Appeals for the First Circuit's instructions on remand. Dec. and Order on Remand (Docket Item 137). The relief House of Flavors now seeks is attorney fees. Only a suit for breach of contract would justify the imposition of fees.[1] Although House of Flavors is understandably upset with the outcome of the remand, I did not convert the remedy to a contract remedy. I had rejected the contract claim on summary judgment,

---

[1] The contract documents allow Tetra to recover fees, and House of Flavors argues that, under Utah law, such a provision gives House of Flavors a reciprocal right. Mot. to Amend Amended J. and Dec. and Order and Incorporated Memorandum of Law at 3 (Docket Item 139).

Dec. and Order on Def.'s Mot. for Summary J. (Docket Item 31), and the First Circuit did not upset that ruling.[2]

Since the Motion to Amend the Amended Judgment is **DENIED**, the Motion to Stay Enforcement of the Amended Judgment is also **DENIED**.

**SO ORDERED.**

**DATED THIS 23RD DAY OF MARCH, 2012**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[2] What the First Circuit said was this:
> House of Flavors answers that it was *prepared to affirm the contract as it understood it*, turning to rescission promptly once its reading was rejected by the court; but *its reading was pretty clearly wrong from the outset*. However, the relief here is as much an affirmance of the contract as a rescission: both theories support recapture of the system by House of Flavors; what remains is a financial adjustment which—if anything more were due to a plaintiff—could be justified as a fraud remedy independent of rescission.

House of Flavors, Inc., 643 F.3d at 40 (emphasis added). Thus, the First Circuit did not convert this to a breach of contract case. Instead, it rejected House of Flavors's "reading" that the documents created a contractual remedy and left the case as it was tried, as a fraud case. Id.